## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Sara Garcia de Alba | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Phoenix Financial Services, LLC | ) | |
| 8902 Otis Ave. | ) | |
| Indianapolis, IN 46216 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

### INTRODUCTION

1. Plaintiff, Sara Garcia de Alba, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Phoenix Financial Services, LLC.. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f

3. The FDCPA makes clear that within five days of any initial communication, a debt collector must advise the Debtor of his or her rights under 15 U.S.C. Section 1692g

### JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to

this claim occurred in this District.

## PARTIES

6. Plaintiff, Sara Garcia de Alba (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

7. Plaintiff's former name is Sara Thomsen as reflected by the dunning letter. See Exhibit A.

8. Plaintiff is a resident of the State of Illinois

9. Defendant, Phoenix Financial Services, LLC. ("Defendant"), is a Indiana business entity with an address of 8902 Otis Ave, Indianapolis , IN, 46216 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

10. Unless otherwise stated herein, the term "Defendant" shall refer to Phoenix Financial Services, LLC.

11. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

12. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor") for student loans

13. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

14. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

15. On April 15, 2016, Defendant sent an initial communication to Plaintiff. See Exhibit A.

16. In said letter it lists the balance of Plaintiff's "Total of Accounts listed below" $29,093.58 and in another place on the letter it states total

balance of $29,093.58.

17. It is not clear to the Plaintiff and in fact the Plaintiff is confused as to what her debt actually is.

18. Said letter threatens that "[F]ailure to pay the account in full, agree to and maintain a satisfactory repayment arrangement, or utilize another recovery option listed above may result in additional collection efforts. These efforts may include:

-Contacting your employer to seize a portion of your paycheck through administrative wage garnishment." See Exhibit A.

17. Defendant demands "acceptable repayment terms;" without making clear that Plaintiff can not be forced to pay more than fifteen (15%) percent of her gross disposable income. See Exhibit A.

18. Defendant is misrepresenting what Plaintiff's legal consequences for not paying the debt. See Exhibit A.

19. Plaintiff has rights under 20 U.S.C. Section 1092a, to avoid his employer being notified for garnishment, even if he does not meet the terms of said letter by Defendant.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant's conduct violated 15 U.S.C. Section 1692e in that it used false, deceptive, or misleading representation or means in connection with the collection of debt.

21. The Defendant's conduct violated 15 U.S.C. Section 1692g in that it did not advise Plaintiff of her rights, commonly known as the "Mini-Miranda" rights after communication has begun.

22. The Defendant's conduct violated 15 U.S.C. Section 1692e in that it neither advised that it was a "debt collector" nor the purpose of the communication was for collecting a debt.

## STANDING AND INJURY

23. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

24. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

25. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

26. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

27. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff